By the Court.
In the absence of a valid provision to the contrary, the council of a municipal corporation having authority to legislate upon any given subject may exercise that authority at will by *575 enacting or repealing an ordinance in relation to such subject-matter.
The question of the constitutionality of Section 4276, General Code, as amended 106 Ohio Laws, 483, under authority of which the council of the city of Elyria passed the ordinance of November 23, 1915, merging the duties of the office of clerk of council with the duties of the city auditor, is of no importance in determining the rights of the par-' ties to this controversy, since it appears that the council of Elyria passed a later ordinance repealing the provisions of Sections 4, 6 and 10 of the original ordinance providing for the merging of the duties of these offices.
The city council having the right to pass the repealing ordinance, the present rights of the parties to this action must be determined with reference to the provisions of the existing ordinance, regardless of the provisions of the ordinance repealed, where there are no vested rights under the latter ordinance.
In an action in quo warranto brought by a person claiming to be entitled to an office wrongfully held by another, it is sufficient if the relator shows that he was duly and legally elected or appointed to the office, and gives bond and otherwise qualifies, after the judgment of the court finding that he is entitled to such office, and that the same is wrongfully withheld from him by the defendant, and before he is inducted into office.
This is especially true where the relator has tendered bond as required by the statute, which bond has not been, approved for the reason that in the *576 opinion of the officer authorized to approve the same the relator was not legally entitled to the office.
Judgment of ouster and an order inducting the relator into office.

Judgment of ouster.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.